UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 APR - 1  P 2: 19

SIGN_____
BY DEPUTY CLERK

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO.: 04-37-JVP-SCR

WOODROW HARRELL

## RULING ON MOTION

This matter is before the court upon a "Motion to Compel Government to File Requisite Motion Pursuant to Rule 35(b) Reduction in Sentence for Substantial Assistance" (doc. 109).

On June 24, 2004, a grand jury returned a superseding indictment against the defendant, Harrell, charging that he conspired with others knowingly and intentionally to possess with intent to distribute and to distribute 1,000 kilograms or more of a substance containing a detectible amount of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (doc. 25).   The United States filed a bill of information requesting a statutorily enhanced penalty of a mandatory term of life imprisonment without release because of the defendant's two prior felony drug convictions (doc. 41) 21 U.S.C. § 841(b)(1)(A).

Subsequently, the defendant entered a plea agreement with the government (doc. 77) under which he agreed to enter a plea of guilty to the lessor included offense of conspiracy to possess with the intent to distribute and to distribute one hundred or more kilograms of marijuana.  The reduction in the quantity of the drugs

resulted in a reduction in the defendant's potential sentence from mandatory life to not less than ten (10) years or more than life imprisonment.  On October 29, 2004, the defendant entered his plea of guilty to that offense which was accepted by the court (doc. 26).

On February 11, 2005, the defendant was sentenced to the custody of the Bureau of Prisons to be imprisoned for a term of 136 months (doc. 83). The court accepted the terms of the plea agreement at that time.

The defendant's plea agreement contained an express waiver of any right to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, unless the ground for such attack was ineffective assistance of counsel (doc. 77, ¶ 8).

On December 22, 2005, Harrell filed a *pro se* motion to vacate and set aside his conviction and sentence under 28 U.S.C. § 2255 (doc. 87). That pleading included a claim of ineffective assistance of counsel.

On March 14, 2006, after extensive briefing, the court denied each claim in the defendant's motion (Ruling on Motion, doc. 98).  Harrell then attempted to enter an appeal of that ruling. The appeal was dismissed by the Court of Appeals as untimely on September 5, 2007 (doc. 108).

On January 14, 2008, Harrell filed the above noted motion (doc. 109) along with a memorandum in support of that motion (doc. 110).

2

The current "Motion to Compel" (doc. 109) essentially claims that since his arrival at the federal penal institution where he is serving his sentence, the defendant has provided substantial assistance to both federal and state authorities in the investigation and prosecution of others and that in his (Harrell's) opinion, such substantial assistance entitles him to "specific performance" of the plea agreement.  To accomplish that end, Harrell demands that this court order the United States Attorney to file a Rule 35(b) motion for reduction of Harrell's sentence.  (See docs. 109 and 110).

Not surprisingly, the government opposes Harrell's demand (doc. 112).  In the opposition, the government points out that there is no procedural vehicle in existence by which Harrell can assert such a claim and the government suggests that in the event that 28 U.S.C. § 2255 should be construed as authorizing such a procedure, the motion would then constitute a successive § 2255 motion.

## RULING

The court is not aware of any statutory authorization for bringing a procedure such as the one presented by this motion and none has been suggested by the mover.  The motion before the court certainly seeks to vacate or at least "to correct" the sentence previously imposed upon Harrell.  Thus, it may be fairly construed as a claim that the sentence "is otherwise subject to collateral attack" under 28 U.S.C. § 2255.  As such, it is clearly a second or successive habeas corpus motion.

3

That section, however, expressly provides that no second or successive motion may be filed in a district court unless the motion is first certified by a panel of the appropriate court of appeals.  No such certification has been sought in this case.

Assuming that Section 2255 could provide a procedural basis for the filing of the instant motion, because the petitioner has not obtained leave from the United States Court of Appeals for the Fifth Circuit, this court lacks subject matter jurisdiction to even consider the motion.  *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003).  Without Section 2255, this court clearly lacks subject matter jurisdiction.

Accordingly, the "Motion to Compel Government to File Requisite Motion Pursuant to Rule 35(b) Reduction in Sentence for Substantial Assistance," is hereby **DISMISSED** for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, April 1, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

4